# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL WOLF,** | : | |
| **Petitioner** | : | |
| | : | **CIVIL ACTION NO. 3:18-0318** |
| v. | : | |
| | : | **(Judge Mannion)** |
| **COUNTY OF ADAMS, et al.,** | : | |
| **Respondents** | : | |

| | | |
|---|---|---|
| **PAUL B. WOLF,** | : | |
| **Petitioner** | : | |
| | : | **CIVIL ACTION NO. 3:18-0319** |
| v. | : | |
| | : | **(Judge Mannion)** |
| **COUNTY OF YORK, et al.,** | : | |
| **Respondents** | : | |

## MEMORANDUM

**I. Background**

Petitioner, Paul B. Wolf, an inmate currently confined in the State Correctional Institution, Somerset, ("SCI-Somerset"), Pennsylvania, filed the above captioned petitions for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1).

Petitioner claims in both actions that he

> "was a defendant in [Adams/York] County Pennsylvania, in the past, most of those cases incarceration was imposed, and the Plaintiff has long since served the maximum sentences imposed in prison and is now still suffering the ongoing effects of being buried in debt, for court costs that are alleged to be outstanding, such costs that the Plaintiff cannot afford to pay because of his financial status, fixed income, elderly and disabled, barely enough funds available to the Plaintiff to cover rent." Id.

As such, Wolf filed the instant actions claiming that he "cannot afford to pay these accumulated costs and prays that the Court enter an order directing that these court costs be waived or dismissed." Id. For the reasons set forth below, the Court will dismiss the petitions for writ of habeas corpus.

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., [Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979)](). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

The function of habeas corpus is to secure release from illegal custody. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Therefore, a prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. §2254(a). In general, a petition for habeas corpus relief becomes moot when an inmate is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). However, in Spencer v. Kemna, 523 U.S. 1, (1998), the Supreme Court cautioned that a petitioner's release in and of itself does not render his habeas petition moot. Rather, "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of

the Constitution." Id. at 7. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (internal quotations omitted). As such, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477 (citations omitted); see also Spencer, 523 U.S. at 7.

In the instant case, Wolf challenges sentences that were had in York and Adams County and their associated costs and fees. He clearly states that he has served the maximum on all sentences. Consequently, his sentences have expired. Where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). As such, Petitioner's challenges to his York and Adams County convictions are moot.

To the extent that Petitioner challenges the costs and fees that remain from his York and Adams County convictions, such is not a challenge to the fact or duration of his confinement. These actions also do not affect the length

of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2254, but rather must be pursued through the filing of a civil rights action pursuant to 42 U.S.C. §1983.

### III. Conclusion

For the reasons stated above, the petitions for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 30, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0318-01.wpd